# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JH

| | |
|---|---|
| THOMAS KEEN, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11 C 7754 |
| | ) |
| BLUESTAR ENERGY SERVICES, | ) Magistrate Judge Arlander Keys |
| INC., d/b/a BLUESTAR ENERGY | ) |
| SOLUTIONS, an Illinois | ) |
| Corporation, BLUESTAR ENERGY | ) |
| HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Keen was employed by Defendant BlueStar Energy Services from May 2006, through June 30, 2011. BlueStar hired him on May 15, 2006 as its Chief Technology Officer; Mr. Keen later became the Chief Information Officer. On June 30, 2011, Mr. Keen left BlueStar voluntarily, after negotiating and executing a Confidential Separation Agreement and Release ("Separation Agreement.") Mr. Keen started a new job in Cincinnati, Ohio on July 1, 2011.

Among other things, the Separation Agreement provided Mr. Keen with the opportunity to receive additional compensation if the Company was sold under certain circumstances; it also included a non-disparagement clause. According to Mr. Keen, BlueStar failed to perform its obligations under the Separation

Agreement, and, on November 1, 2011, he sued. In his complaint, Mr. Keen alleges that BlueStar breached the Separation Agreement by failing to pay him what he was owed thereunder, and by failing to honor the agreement's non-disparagement clause. More specifically with regard to the non-disparagement clause, he alleges that BlueStar executives – including Alberto Ruocco, his replacement as Chief Information Officer – said terrible things about him at a staff meeting on August 26, 2011, including falsely accusing him of criminal and tortious conduct. Mr. Keen alleges that Mr. Ruocco and BlueStar continued to press these accusations after the staff meeting and have continued maliciously to impugn his reputation. In addition to the breach of contract counts, Mr. Keen also alleges a defamation count, based upon the same conduct.

The parties consented to proceed before a United States Magistrate Judge and the case was reassigned to this Court on January 24, 2012 [#23]. The case is currently before the Court on BlueStar's motion to dismiss [#18].

## Discussion

BlueStar seeks dismissal of this action on three grounds. First, it seeks to dismiss count 1 – the breach of contract claim predicated on BlueStar's alleged failure to pay what it owed under the Separation Agreement – arguing that it was never ripe and is now moot. Second, BlueStar moves to dismiss the complaint

in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. More specifically, BlueStar argues that the complaint fails to allege diversity of citizenship and that his allegations cannot satisfy the requisite $75,000 amount in controversy threshold. Finally, BlueStar argues that count 3 – the defamation claim – should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because his averments of defamation *per se* are legally insufficient as a matter of law. The Court considers each argument in turn.

**A.     Count 1 and the Additional Compensation**

First, BlueStar argues that Mr. Keen's breach of contract claim regarding failure to pay was never ripe and is now moot. BlueStar contends that this count should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction. In evaluating a motion to dismiss pursuant to Rule 12(b)(1), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of plaintiff. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). However, in addition to the pleadings and legal arguments, the Court considers evidence extrinsic to the pleadings. *See Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[T]he district court has not only the right, but the duty to look

beyond the allegations of the complaint to determine that it had jurisdiction to hear the . . . claim.")

In his first breach of contract claim, Mr. Keen alleges that BlueStar failed to pay him what it agreed to pay him under the Separation Agreement. In the complaint, Mr. Keen alleges entitlement "to receive additional compensation in the amount of $1 million dollars, or in the alternative, $1.5 million dollars" in the event of "the sale of BlueStar prior to December 31, 2011." Complaint, ¶16. Specifically, the contract language governing Mr. Keen's alleged entitlement to this payment is found in Sections 4.1 and 4.2 of the Separation Agreement. *See* Complaint, Exhibit B. Section 4.1 of the Separation Agreement expressly provides that Mr. Keen is entitled to this lump sum payment "[i]n the event of a sale prior to December 31, 2011 of the Company." *Id.* Section 4.2 of the Separation Agreement further clarifies that "[f]or the purposes of this Release Agreement, a sale, transfer or conveyance is deemed to have taken place only at the time such sale, transfer or conveyance closes, i.e., the date on which BlueStar *actually* sells, transfers or conveys its stock or assets." *Id.* (emphasis in the original).

BlueStar argues that count 1 is moot and should be dismissed because the company was not sold in 2011, a necessary prerequisite to Mr. Keen's entitlement to the additional compensation he claims in his complaint. Rather, BlueStar

represents that it reached an agreement, on January 4, 2012, to sell the company to American Electric Power ("AEP"), and that the transaction has not yet closed. Mot. at Ex. A, Casadont Declaration. Therefore, BlueStar argues, Mr. Keen's breach of contract claim based on its alleged failure to pay him the $1 or $1.5 million lump sum payment never ripened and is now moot.

In his Complaint, which was filed on November 1, 2011, Mr. Keen acknowledged that a sale of the Company had not yet taken place, and instead alleged that "a sale of BlueStar is pending and imminent" and that, upon the closing of such a sale, he would be entitled to the lump sum payment. Complaint, ¶¶33, 40. In his response to the motion to dismiss, Mr. Keen argues that the declaration attached to BlueStar's motion "contains self-serving conclusions" and does not include important information such as "when the deal was reached, when the agreement was completed, whether there was any delay in finalizing the deal or scheduling the closing occurred, and the reasons for any such delays." Response at pp. 2-3. Mr. Keen asserts that he should be entitled to discovery on these issues in order to determine if any of the facts discovered support a breach of the implied covenant of good faith and fair dealings attached to the contract.

"A covenant of good faith and fair dealing is implied in every contract absent a provision that specifically states otherwise." *Kipnis v. Mandel Metals, Inc.*, 318 Ill.App.3d 498,

505 (1st Dist.2000). In determining what constitutes a good faith performance, "a party vested with contractual discretion must exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." *Dayan v. McDonald's Corp.*, 125 Ill.App.3d 972, 990-91 (1st Dist.1984). BlueStar has produced evidence, in the form of a Declaration from its Chief Legal Officer, establishing that no sale of the Company occurred in 2011. And, up to this point, Mr. Keen has provided no evidence suggesting that BlueStar in any way caused a delay in the sale; nor has he produced evidence suggesting that such conduct, if it occurred, might constitute a violation of the implied duty of good faith and fair dealing. Indeed, Mr. Keen has alleged no facts to suggest that a delay – even if deliberate – would give rise to a claim, given the specific language in the contract; to be sure, he has not alleged a claim for breach of the covenant of good faith and fair dealing, and it is not clear that he can do so, consistent with Rule 11.

Based upon the allegations and the record before it, the Court agrees with BlueStar that count 1, as currently pled, was not ripe when pled and has since become moot. Mr. Keen seeks leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) to cure any pleading deficiencies. And, given

that the information regarding the sale to AEP did not exist in November 2011 when the complaint was filed, and that the alleged sale is still underway, the Court grants Mr. Keen's request for leave to amend count 1 of his complaint.

**B. <u>Subject Matter Jurisdiction</u>**

Next, BlueStar argues that subject matter jurisdiction is lacking here because the parties are not diverse and because Mr. Keen's allegations cannot satisfy the $75,000 amount-in-controversy threshold. In his Complaint, Mr. Keen alleges that the Court has subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Complaint, ¶5. For diversity jurisdiction to exist, Mr. Keen must establish (1) that he and BlueStar are citizens of different States; and (2) that the amount in controversy exceeds $75,000.

**1. Diversity of Citizenship**

Mr. Keen alleges in his complaint that BlueStar is an Illinois corporation with its principal place of business in Chicago, Illinois and that he "is a resident of Cincinnati, Hamilton County, Ohio." Complaint, ¶¶1-3. Diversity jurisdiction, however, exists when the parties are "citizens" of different states. 28 U.S.C. § 1332(a)(1). It is insufficient to allege a party's "residency." *See Adams v. Catrambone*, 359 F. 3d 858, 861 n.3 (7th Cir. 2004).

In response to this argument, Mr. Keen asserts that other

7

allegations of his complaint, including the address of his residence and the location of his job, taken together create proof of his citizenship in Ohio. But "[w]hen the parties allege residence but not citizenship, the [district] court must dismiss the suit." *Id.* (citation and quotation omitted). If Mr. Keen can cure these defects with an amended complaint, he is given leave to do so.

### 2. Amount in Controversy

Next, BlueStar argues that, even if Mr. Keen can amend his jurisdictional allegation, he cannot reach the requirement for the amount in controversy. BlueStar argues that, at most, Mr. Keen can allege damages of $39,000 in lost salary payments. It argues that he cannot claim the $1 million bonus as discussed above and cannot claim a potential recovery in excess of $35,000 for damage to "reputation and goodwill" as a result of the non-disparagement and defamation claims. Mr. Keen disputes both these arguments. To some extent, his ability to allege an amount in controversy of $75,000 or more will depend upon whether he can, in good faith, allege that he is entitled to the additional compensation outlined in the Separation Agreement. As explained below, it will also depend on whether he can make a showing concerning damages in an amended defamation claim. For now, the Court agrees that the amount in controversy appears to fall well short of the statutory threshold.

## C. Mr. Keen's Defamation *Per Se* Claim

Finally, BlueStar moves to dismiss Mr. Keen's defamation claim under Federal Rule of Civil Procedure 12(b)(6). The Court's determination regarding subject matter jurisdiction makes consideration of this issue moot. But, because Mr. Keen will have an opportunity to amend his complaint, the Court is inclined to consider briefly the adequacy of the defamation *per se* claim.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted; it should be granted only if it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *E.g., Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss under 12(b)(6), the Court accepts as true all well pleaded facts alleged in the complaint and it draws all reasonable inferences from those facts in favor of the non-moving party, in this case, Mr. Keen. *See, e.g., Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). The Court does not ask whether Mr. Keen will ultimately prevail; rather, it asks whether he is entitled to offer evidence to support his claims against BlueStar. *E.g., Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327 (7th Cir. 1999).

Here, BlueStar argues that, even if this Court determines that it has subject matter jurisdiction over the remaining claims

in Mr. Keen's Complaint, count 3 (which seeks recovery against BlueStar for defamation *per se*) should be dismissed pursuant to FRCP 12(b)(6) because Mr. Keen's averment of defamation *per se* is legally insufficient as a matter of substantive Illinois law. Specifically, BlueStar contends that Illinois Supreme Court precedent instructs that defamation *per se*, like common law fraud, "must be pled with a heightened level of precision and particularity." *Green v. Rogers*, 234 Ill. 2d 478, 495 (2009). Thus, where, as here, a claim for defamation *per se* is pled "on information and belief," Illinois law mandates that "the factual basis informing the plaintiff's belief must also be pled." *Id.* at 495-96.

BlueStar argues that count 3 must be dismissed because Mr. Keen fails to allege with the requisite particularity any factual basis for his "belief" that the alleged defamatory comments were ever made. In Paragraph 42 of the complaint, Mr. Keen alleges "on information and belief" that he "is aware" of an August 2011 meeting during which BlueStar's Chief Information Officer "and potentially others" allegedly accused him of "criminal and tortious conduct" in the presence of other BlueStar employees. *See* Complaint, ¶42. The next two paragraphs of the complaint characterize the alleged defamatory comments set forth in paragraph 42. BlueStar argues that these paragraphs are devoid of any facts to describe or explain the factual basis for Mr.

Keen's "belief" that these statements were made, and therefore, are insufficient.

In response, Mr. Keen contends that he is not required to plead count 3 "with a heightened level of precision and particularity." He argues that the heightened pleading requirement does not apply in federal court, and that, instead, the pleading requirements in federal diversity cases are governed by federal law, specifically Federal Rule of Civil Procedure 8. To support his position he cites *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003), as well as *Cody v. Harris*, 2004 WL 783105 (N.D. Ill. Jan. 22, 2004) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("heightened fact pleading of specifics" is not required to survive a motion to dismiss).

As Judge Evans noted in *Lott v. Levitt*, however, the federal court's "reliance on federal procedural rules does not allow us to ignore Illinois substantive law . . . ." *Lott v. Levitt*, 556 F.3d 564, 569 (7th Cir. 2009). And, although the issue here (whether a plaintiff may rely on "information and belief" in pleading defamation *per se*) is closer to the procedural end of the spectrum than the issue raised in *Lott* (whether the innocent construction rule applied), it nonetheless implicates state substantive policy – namely, the policy of relieving plaintiffs who properly plead defamation *per se* claims from the obligation

of proving actual damages; this must be balanced against the desire to protect defendants from baseless claims. *Green*, 917 N.E.2d at 461.

Accordingly, the Court finds that, if Mr. Keen intends to file an amended complaint that includes a defamation *per se* claim based upon information and belief, he must at least plead the facts upon which the belief is founded. Mr. Keen should be mindful of the fact that, although damages are presumed in an action for defamation *per se*, "the amount of damages is still an evidentiary issue." *Macklem v. Pearl*, No. 10 C 830, 2011 WL 2200037, at *4 (N.D. Ill. May 31, 2011)(citing *Knight v. Chicago Tribune Co.*, 895 N.E.2d 1007 (Ill. App. Ct. 2008)). "The Court cannot presume substantial damages." *Id.* (citing *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 734 (7th Cir. 2004)). Thus, saying that damages are presumed for a properly pled defamation *per se* claim, says nothing about whether damages exist in an amount that would satisfy the amount-in-controversy threshold. Mr. Keen will need to show that the presumed damages, when combined with the salary payments he alleges he is owed, total $75,000 or more.

## Conclusion

For the reasons set forth above, BlueStar's motion to dismiss [#18] is granted, and the complaint is dismissed for lack of subject matter jurisdiction. The dismissal is without

prejudice, however, and Mr. Keen is given until April 30, 2012 to file an amended complaint, to the extent he is able to allege facts to cure the defects discussed above. The case is set for a status hearing on May 14, 2012 at 9:00 a.m.

Date: March 30, 2012

                          E N T E R E D:

                          */s/ Arlander Keys*

                          MAGISTRATE JUDGE ARLANDER KEYS
                          UNITED STATES DISTRICT COURT